| | |
|---|---|
| MIGUEL VERGARA, III, | UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TEXAS |
| Plaintiff, | |
| | CASE NO.: 3:25-cv-00007 |
| v. | |
| AIRSTREAM, INC., | |
| Defendant, _____/ | |

### DEFENDANT, AIRSTREAM, INC.'S NOTICE OF REMOVAL

Defendant, Airstream, Inc. ("**Airstream**"), by and through its undersigned counsel, pursuant to 28 U.S.C.§ 1441(a), hereby removes the action pending in the District Court of El Paso County, Texas (the "**State Court**"), Case No. 2024DCV4300 (the "**State Court Action**"). The State Court is within the Western District of Texas. Removal is based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1]

### I. PROCEDURAL BACKGROUND AND COMPLIANCE

1. On September 16, 2024, Plaintiff, Miguel Vergara, III ("**Plaintiff**") filed his Complaint and Jury Demand (the "**Complaint**"), the subject of which is a 2022 Atlas Murphy-Suite, Vin Number 1B9KUWH24NJ310067 (the "**Vehicle**").

2. In the Complaint, Plaintiff asserted four counts against Airstream based on Airstream's alleged breach of an express warranty, breach of the implied warranty of merchantability, breach of the Magnuson-Moss Warranty Act, and violations of the Deceptive Trade Practice-Consumer Protection Act.

---

[1] A true and correct copy of the Declaration of Rick March in Support of Defendant, Airstream, Inc.'s Notice of Removal (the "**Airstream Decl.**") is attached hereto as **Exhibit A**.

1

3. Removal of this action is timely. "The notice of removal of a civil action . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b). Plaintiff served Airstream with the Complaint and Airstream first received a copy of the Complaint on December 12, 2024. Accordingly, Airstream files this notice within thirty (30) days of Airstream's first receipt of the Complaint, through service or otherwise.

4. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all of the process, pleadings, and orders on file in the State Court Action available to Airstream at the time of this removal are attached hereto as **Composite Exhibit B**.

5. Airstream will promptly provide written notice of the filing of this Notice of Removal to Plaintiff, by and through counsel.

6. Airstream will also promptly file a copy of this Notice with the Clerk of Court for El Paso County, Texas, County Court at Law Number 7, in the underlying State Court Action. A true and correct copy of the Notice that will be finalized and filed in the State Court Action is attached hereto as **Exhibit C**.

7. Removal of this action to the Western District of Texas is proper pursuant to 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district embracing the place where the State Court Action was pending.

8. The allegations of this Notice of Removal are true and correct and this cause is within the jurisdiction of the United States District Court for the Western District of Texas.

9. If any question arises as to the propriety of this removal, Airstream respectfully reserves the right, and also requests the opportunity, to provide such additional evidence as may

be required to support the grounds asserted in this Notice of Removal and to present a brief and oral argument in support of its position that this action was properly removed.

## II. SUMMARY OF THE GROUNDS FOR REMOVAL

This action is removable to the United States District Court for the Western District of Texas based on (**A**) federal question jurisdiction pursuant to both 28 U.S.C. § 1331 and 28 U.S.C. § 2301, and (**B**) diversity jurisdiction pursuant to 28 U.S.C. § 1332.

### A. Federal Question Jurisdiction Under Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*

This Court has federal question jurisdiction over Count III of the Complaint because (1) it is a civil action brought under the laws of the United States, specifically, the MMWA and (2) the amount in controversy exceeds $50,000.00.

#### 1. *Count III is a civil action brought under the laws of the United States.*

This Court has original jurisdiction over this matter pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.* ("**MMWA**"). *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) ("Federal question jurisdiction exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'").

Removal of a civil action from state court to federal court is governed by 28 U.S.C. § 1441, *et seq.* Section 1441(a) states:

> Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending.

3

Federal courts have original jurisdiction over federal questions, such as those involving federal laws like the MMWA here. *See* 28 U.S.C. § 1332. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The Complaint specifically alleges a claim for breach of written warranty arising under the MMWA—a federal statute—against Airstream. *See* Compl. at Count III. Plaintiff alleges Airstream breached certain express warranties which he contends were actionable under the MMWA in connection with the purchase of the Vehicle. *See id*. Accordingly, Plaintiff seeks relief that relies on the determination of a question of federal law.

### 2. *The amount in controversy exceeds $50,000.00.*

The MMWA grants federal courts jurisdiction to hear claims for breach of express and implied warranty based on federal question jurisdiction if the amount in controversy is at least $50,000.00. *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014).

Here, it is facially apparent from the Complaint that the amount in controversy is over $50,000.00, even though the Complaint itself does not claim a specific amount of damages. In the Complaint, Plaintiff alleges that "Plaintiff seeks to revoke her acceptance of the Recreational Vehicle and be **refunded the purchase price**, along with all expenses Plaintiff has incurred . . . ." Compl. at ¶ 19 (emphasis added). Plaintiff alleges the purchase price of the Vehicle was $80,984.00 (which is incorrect), meaning Plaintiff is seeking damages of a minimum of $80,984.00, which exceeds the amount in controversy requirement under federal question jurisdiction pursuant to 28 U.S.C. § 2301; *see also* Compl. Ex. A (listing the "Total Sales Price" as $249,204.05, but the amount of credit provided to Plaintiff as $80,984.00, meaning the actual sales price was $249,204.05).

4

Further, and perhaps most persuasive, Plaintiff alleges in the WHEREFORE clause under Plaintiff's claim for breach of the MMWA, that "Plaintiff prays that this Honorable Court enter an order requiring Defendant to accept return of the Recreational Vehicle and **refund Plaintiff the purchase price**[.]" Complaint at p. 6 (emphasis added). Thus, Plaintiff is seeking damages including, but not limited to, the purchase price of the Vehicle at the minimum. Accordingly, the amount in controversy of Plaintiff's claim under MMWA is unequivocally greater than the $50,000.00 amount in controversy requirement, as the actual sales price of the Vehicle was $249,204.05. Airstream Decl. at ¶ 13.

If Airstream was forced to repurchase the Vehicle, then Airstream would rely on the Vehicle Value Report[2] to determine what it can reasonably resell the Vehicle for. Airstream Decl. at ¶ 14. The Vehicle Value Report assumes a first-owner transaction, but because Plaintiff purchased the Vehicle used, the Vehicle would resell for retail at approximately $180,000.00. Airstream Decl. at ¶ 14. Airstream typically resells vehicles to dealers at wholesale, and Airstream would sell this Vehicle to a dealer wholesale for approximately $150,000.00. Airstream Decl. at ¶ 14. Thus, by subtracting the $150,000.00 estimation of what Airstream believes it would resell the Vehicle wholesale to a dealer for, from the $249,204.05 total sales price, the total amount in controversy is at least $99,204.05. These approximations based on the Vehicle Value Report assume a unit without defects. Airstream Decl. at ¶ 14. Thus, Airstream would need to repair the alleged defects to the extent they exist before selling the Vehicle, which only serves to increase the amount in controversy. Airstream Decl. at ¶ 14.

Plaintiff's allegations are accepted as true for removal purposes. *See, e.g., Southwest Research Inst. v. Cal. Fueling, LLC*, 2020 U.S. Dist. LEXIS 199153, at *8-9 (Tex. W.D. 2020)

---

[2] A true and correct copy of the Vehicle Value Report is attached to **Exhibit A** as **Exhibit 1**.

("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.") (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)). Accordingly, from the face of the Complaint, the amount in controversy exceeds $50,000.00, an amount sufficient to remove this claim to federal court.

Alternatively, if the Court does not find the amount in controversy is facially apparent from the above-referenced allegations in the Complaint, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$50,000.00]." *Johnson v. Texas, L.P.*, 2023 U.S. Dist. LEXIS 82135, at *6 (Tex. N.D. 2023) (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). An Airstream representative has testified to the fact that the total sales price of the Vehicle was $249,204.05 and that Airstream could only realistically recover $150,000.00 by reselling the Vehicle. Airstream Decl. at ¶¶ 13-14. Further, the Agreement between Plaintiff and the dealer which sold Plaintiff the Vehicle states that the total sales price of the Vehicle was $249,204.05. Compl., Ex. B. As part of Plaintiff's alleged damages under its claim for violations of the MMWA, Plaintiff has requested a refund of the purchase price of Vehicle. Accordingly, Airstream has proven by a preponderance of the evidence that the amount in controversy exceeds $50,000.00.

### B. Diversity Jurisdiction Under 28 U.S.C. § 1332.

#### 1. *Complete diversity is met because Plaintiff and Defendant are citizens of different states.*

Plaintiff alleges in its Complaint that "Plaintiff, MIGUEL VERGARA, III is an individual residing in El Paso County, Texas." Compl. at ¶ 2. Airstream is incorporated in the State of Nevada, with its principal place of business in Jackson Center, Ohio. Airstream Decl. at ¶ 8. Thus, for purposes of citizenship, Airstream is considered a citizen of both Nevada and Ohio. Airstream

Decl. at ¶ 8. Accordingly, complete diversity exists between Plaintiff and Airstream, as they are citizens of different states.

## 2. *The amount in controversy exceeds $75,000.00.*

The amount in controversy unequivocally exceeds the $75,000.00 amount in controversy requirement under diversity jurisdiction requirements pursuant to 28 U.S.C. § 1332. As discussed in detail above, Plaintiff alleges the purchase price of the Vehicle was $80,984.00 (which is incorrect), meaning he is seeking damages of a minimum of $80,984.00, which exceeds the amount in controversy requirement under federal question jurisdiction pursuant to 28 U.S.C. § 1331; *see also* Compl. Ex. A (listing the "Total Sales Price" as $249,204.05, but the amount of credit provided to Plaintiff as $80,984.00, meaning the total sales price was $249,204.05).

Further, Plaintiff alleges in its WHEREFORE clause under its claim for breach of the MMWA, that "Plaintiff prays that this Honorable Court enter an order requiring Defendant to accept return of the Recreational Vehicle and **refund Plaintiff the purchase price**[.]" Complaint at p. 6 (emphasis added). Thus, Plaintiff is seeking damages including, but not limited to, the purchase price of the Vehicle at the minimum. Accordingly, the amount in controversy in Plaintiff's Complaint (and in the MMWA claim alone) is unequivocally greater than the $75,000.00 amount in controversy requirement for diversity jurisdiction pursuant to 28 U.S.C. §1332.

As discussed in detail above, if Airstream was forced to repurchase the Vehicle, then Airstream would rely on the Vehicle Value Report to determine what it can reasonably resell the Vehicle for. Airstream Decl. at ¶ 14. The Vehicle Value Report assumes a first-owner transaction, but because Plaintiff purchased the Vehicle used, the Vehicle would resell for retail at approximately $180,000.00. Airstream Decl. at ¶ 14. Airstream typically resells vehicles to dealers at wholesale, and Airstream would sell this Vehicle to a dealer wholesale for approximately

7

$150,000.00. Airstream Decl. at ¶ 14. Thus, by subtracting the $150,000.00 estimation of what Airstream believes it would resell the Vehicle wholesale to a dealer for, from the $249,204.05 total sales price, the total amount in controversy is at least $99,204.05. These approximations based on the Vehicle Value Report assume a unit without defects. Airstream Decl. at ¶ 14. Thus, Airstream would need to repair the alleged defects to the extent they exist before selling the Vehicle, which only serves to increase the amount in controversy. Airstream Decl. at ¶ 14.

### III.   ADOPTION AND RESERVATION OF DEFENSES

Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Airstream's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Federal Rule of Civil Procedure 12 or the Texas Rules of Civil Procedure, any state or federal statute, or otherwise. Airstream reserves all rights and defenses and disputes that any amounts are owed to Plaintiff.

### IV.   TIMING OF REMOVAL

This removal is timely because it is filed within thirty (30) days of Airstream's first receipt of the Complaint. 28 U.S.C. § 1446. The Complaint was filed on September 16, 2024, and Airstream was served and it first received the Complaint on December 12, 2024. Therefore, thirty days from the date of service is January 11, 2025, and is the deadline to file a Notice of Removal. This removal is filed before January 11, 2025, making it timely.

## V. ADDITIONAL PROCEDURAL REQUIREMENTS

This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases. True and correct copies of "all process, pleadings, and orders" from the State Court are attached hereto as **Composite Exhibit B**. There has been no other process, pleadings, or orders served upon Airstream to date in this case. Airstream has sought no similar relief. Venue is proper in this district under 28 U.S.C. § 1466(d) because the United States District Court for the Western District of Texas is the court embracing the state court where this action is pending in state court.

Airstream has provided written notice of the filing of this Notice of Removal to all parties in this action and is filing a copy of this Notice of Removal with the clerk of the State Court where the action is pending pursuant to 28 U.S.C. § 1446(d). Airstream reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

**WHEREFORE,** Defendant, Airstream, Inc., respectfully removes the State Court Case to this Court, the United States District Court for the Western District of Texas.

Date: January 10, 2025                                   Respectfully submitted,

                                                     **TERRELL HOGAN, P.A.**

                                                     <u>*/s/ Aleksas A. Barauskas*</u>
                                                     Aleksas A. Barauskas, Esq.
                                                     Attorney-In-Charge
                                                     Texas Bar No. 24133051
                                                     233 East Bay Street, 8th Floor
                                                     Jacksonville, Florida 32202
                                                     (904) 632-2424 (Telephone)
                                                     (904) 632-0549 (Facsimile)
                                                     barauskas@terrellhogan.com
                                                     bedard@terrellhogan.com
                                                     aharwood@terrellhogan.com
                                                     *Attorney for Airstream, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was filed on January 10, 2025, a true and correct copy of the foregoing was filed with the Clerk of Court and served in compliance with TEX. R. CIV. P. 21 and TEX. R. CIV. P. 21a via email using the Court's electronic filing service on the following counsel of record:

John A. Sczepanski, Esq.
john@timothyabeel.com
kristine@timothyabeel.com
*Attorney for Plaintiff*

*/s/ Aleksas A. Barauskas*
Aleksas A. Barauskas